OPINION
{¶ 1} Defendant Edward James Smail, Jr. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of disrupting public services in violation of R.C. 2909.04 and one count of possession of criminal tools in violation of R.C.2923.24. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR {¶ 2} THE TRIAL COURT ERRED IN REPLACING A JUROR WITH AN ALTERNATE THEREBY DENYING APPELLANT A FAIR TRIAL.
{¶ 3} Appellant challenges the trial court's decision to substitute an alternate juror for one of the originally seated jurors. Appellant correctly cites R.C. 2945.29, which provides if a juror becomes sick or for some other reason unable to perform his duty, before the conclusion of the trial, the court may order him to be discharged. Crim.R. 24 (F) provides for up to six alternate jurors to replace jurors who, prior to the time the jury retires to consider the verdict, become unable or disqualified to perform.
{¶ 4} Both parties agree our standard of review is the abuse of discretion standard. Thus, we can only reverse if we find the trial court abused its discretion, which has been defined as implying the court's decision was unreasonable, arbitrary, or unconscionable, see, e.g., State v. Adams (1981), 62 Ohio St.2d 151.
{¶ 5} The record indicates the trial in appellant's case began the morning of September 11, 2001. The court conducted its own voir dire, informing the jurors the trial would be short one, and the case would probably be submitted to the jury later that same afternoon. After the jurors were seated and took their oath, the national catastrophe which occurred in New York City and Washington D.C. became known. Outside the hearing of the jury, but in appellant's presence, the court discussed the matter with defense counsel and the prosecutor. Neither counsel, nor appellant offered any objection to the court's suggestion the jurors would be sent home for the day.
{¶ 6} On September 12, 2001, the court re-convened and the trial proceeded. After closing arguments, and after the court had charged the jury, the court inquired of juror number 77 about airline reservations he had for September 13. The court noted that juror 77 had disclosed the planned trip to the court during voir dire, and before the court excused the jury on September 11. In response to the court's inquiry, juror number 77 informed the court he had checked with Southwest Airlines. Southwest had indicated the juror's flight would leave on September 13. The juror explained to the court if he took the flight, he would need to arrive at Cleveland airport at approximately 1:00 p.m.
{¶ 7} Thereafter, at a side bar, the court discussed with counsel what to do about this juror. The court announced it intended to substitute alternate juror number 108 for juror number 77. In response, defense counsel informed the court he would like to maintain the original jury if possible, and would prefer the court did not excuse juror number 77.
{¶ 8} Thereafter, jury deliberations began with the alternate juror substituting for juror number 77.
{¶ 9} At the outset, we note defense counsel did not formally object to the seating of the alternative juror, but rather informed the court he would prefer to keep the original jury. The State responds if the court had left juror number 77 on the panel, the juror would likely have experienced pressure to speed up deliberations, which could have prejudiced appellant.
{¶ 10} The State cites us to State v. Roble (1989),65 Ohio App.3d 104, which held when the alternate juror is duly qualified, subject to voir dire, and acceptable by all counsel as an alternate, the court may replace an original juror with the alternate even if the original juror's absence was not due to incapacity or inability on the part of the juror to perform. In the Roble opinion, the court of appeals for Sandusky County does not detail the circumstances which gave rise to the court's replacing the original juror, except to say it was largely due to the court's actions. The court of appeals found the trial court's actions not entirely appropriate. Nevertheless, theRoble court found no abuse of discretion in replacing an absent juror with a qualified alternate juror.
{¶ 11} We have reviewed the record, and we find the trial court did not abuse its discretion when it dismissed juror number 77 and replaced him with alternate juror 108. The assignment of error is overruled.
{¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., HOFFMAN, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.